## THE PHŒNIX INSURANCE COMPANY
### V.
## CATHERINE VAN ALLEN ET AL.

*Fire Insurance—Trover for Value of Policy—Breach of Condition— Adjustment of Loss—Compromise Settlement—Fraud.*

1.   A compromise settlement of a loss under a fire insurance policy, freely entered into by the assured, should not be disturbed in the absence of fraud.

2.   In the case presented, this court reverses the judgment for the plaintiff as contrary to the evidence.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Edgar County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. WHITE & WRIGHT and H. R. TANNER, for appellant.

Messrs. HORACE S. CLARK and ISAAC N. VAN DYKE, for appellees.

WALL, P. J.   The appellees recovered a verdict and judgment thereon against appellant for $338.75.   The form of action was trover, for the value of an insurance policy issued by the appellant to appellees covering certain property therein named against loss, etc., to the amount of $2,200.   A fire occurred destroying the barn, being a part of the property included in the policy, and notice was given to the appellant.

An adjuster of the company visited the appellees, and representing that the title to the property was not correctly stated —that a mortgage had been placed upon the real estate, that foreclosure proceedings had been commenced and that the right to the property insured was not jointly in the appellees —expressed the opinion that the policy was worthless.   Appellees insist that he also threatened to sue upon a premium note then held by the company; and have them taken to town on account of it.   The adjuster offered to pay $80 and give up the premium note then held by the company, which being refused, he offered $100 and the note.   This last offer was accepted, and a receipt was signed which acknowledged full settlement of the loss and cancellation of the policy.

The appellees received a check for the money, the adjuster took the policy and, a few days after, Edward Van Allen, one of appellees, called on the attorney of the company and received the note.   The present suit is based on the theory that, by reason of fraud, the appellees had the right to recover the value of the policy, which was taken from them without their consent.   They insist they did not understand the policy was to be given up, though the appellee, Edward Van Allen, is by no means clear in this assertion—in one part of his testimony admitting that he understood the policy was to be canceled, and it is certain he knew it was actually taken away by the adjuster.   The wife, Mrs. Van Allen, is more emphatic and consistent in her testimony.   The receipt signed by them on that occasion they say they did not read nor did they know what it contained, though it is not pretended that the contents

of it were falsely stated. This testimony is opposed by that of the adjuster and of Mr. Ficklin, an attorney who went with him, and by the production of the receipt and the policy.

It also appears that there was a mortgage upon the real estate, executed by appellees after the issuance of the policy, which, according to the terms of the policy, would vitiate the insurance, and it appears that the ownership of the property was incorrectly stated in the application, though it is contended, and perhaps truly, that any error in this respect was chargeable to the agent of the company, who filled up the application upon answers or statements made to him by the assured.

Considering the whole case as it appears in the record, carefully weighing and analyzing the testimony of each witness, we regard the verdict as opposed to the clear preponderance of the evidence. We have no doubt the appellees knew, at the time, they were surrendering the entire policy, and that the only real question of fact is whether the circumstances of the settlement show such unfair and fraudulent conduct on the part of the adjuster as to warrant the jury in disregarding it for that reason; and upon this point we think the clear weight of the proof is with appellant. The only threats charged by appellees were that suit would be brought and they would be taken to town on account of it. In substance, the remainder of the assertions of the adjuster, according to the version of the appellees, amounted to no more than the expression of his opinion as to the value of the policy.

While the appellees were probably no match for him in such a discussion, yet they knew he was the paid agent of the company, and that they were not to rely upon him as their friend or adviser, and if they chose to concede his views and settle accordingly they ought to abide by what they were then satisfied with.

It is quite probable the making of the mortgage was fatal to the insurance; at least, in order to avoid such a result, some excuse, answer or waiver not now suggested would have been necessary, and there certainly was enough room for question as to the validity of the policy to justify a compromise of the

controversy. It would not comport with justice to set aside the settlement upon the grounds here asserted. A sound public policy requires that settlements, when fairly made, should be sustained, and that parties should not be tempted or encouraged to find reasons for breaking them.

We think the court erred in not granting a new trial. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*